**Rule 126. Citations of Authorities.**

A party citing authority that is not readily available shall attach the authority as an appendix to its filing. When citing authority, a party should direct the court's attention to the specific part of the authority on which the party relies.

Official Note:

Pa.R.A.P. 126 is intended to ensure that cited authority is readily available to the court and parties. This rule is not intended to supersede any internal operating procedure of an appellate court regarding the citation to memorandum decisions or unreported opinions. *See*, *e.g.*, Superior Court Internal Operating Procedure § 37, 210 Pa. Code § 65.37; Pa.R.A.P. 3716 and Commonwealth Court Internal Operating Procedure § 414, 210 Pa. Code § 69.414.

The second sentence of the rule encourages parties to provide pinpoint citations for cases and section or subsection citations for statutes or rules.

Although the rule does not establish rules for citation, the following guidelines regarding the citation of Pennsylvania cases and statutes are offered for parties' benefit:

Regarding cases, the rule does not require parallel citation to the National Reporter System and the official reports of the Pennsylvania appellate courts. Parties may cite to the National Reporter System alone.

Regarding statutes, Pennsylvania has officially consolidated only some of its statutes. Parties citing a statute enacted in the Pennsylvania Consolidated Statutes may use the format "1 Pa.C.S. § 1928." Parties citing an unconsolidated statute may refer to the Pamphlet Laws or other official collection of the Legislative Reference Bureau, with a parallel citation to *Purdon's Pennsylvania Statutes Annotated*, if available, using the format, "Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104" or "Section 3(a) of the Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. § 7106(a)." Parties are advised that *Purdon's* does not represent an official version of Pennsylvania statutes. *In re Appeal of Tenet HealthSystems Bucks Cnty., LLC*, 880 A.2d 721, 725-26 (Pa. Cmwlth. 2005), *appeal denied*, 897 A.2d 1185 (Pa. 2006).

Prior to Pa.R.A.P. 126, the format for citation was discussed only in Pa.R.A.P. 2119(b), a rule applicable to briefs. The format guidelines above are not mandatory, and a party does not waive an argument merely by failing to follow the format. The guidelines above do, however, provide assistance to parties looking for generally acceptable citation format in Pennsylvania.

**Rule 2119. Argument.**

(a)     *General rule.*—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

(b)     *Citations of authorities.*—Citations of authorities **in briefs shall be in accordance with Pa.R.A.P. 126 governing citations of authorities.  [must set forth the principle for which they are cited.  Citations of uncodified statutes shall make reference to the book and page of the Laws of Pennsylvania (Pamphlet Laws) or other official edition, and also to a standard digest, where the statutes may be found.  Citations of provisions of the Pennsylvania Consolidated Statutes may be in the form:  "1 Pa.C.S. § 1928 (rule of strict and liberal construction)" and the official codifications of other jurisdictions may be cited similarly.  Quotations from authorities or statutes shall also set forth the pages from which they are taken.  Opinions of an appellate court of this or another jurisdiction shall be cited from the National Reporter System, if published therein.]**

(c)     *Reference to record.*—If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (**[see]see [Rule]Pa.R.A.P.** 2132**[(references in briefs to the record)]**).

(d)     *Synopsis of evidence.*—When the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found.

(e)     *Statement of place of raising or preservation of issues.*—Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto **as** required **[pursuant to]by [Rule]Pa.R.A.P.** 2117(c)**[(statement of place of raising or preservation of issues)]**, or substantially the same information.

(f)     *Discretionary aspects of sentence.*—An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence.  The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Official Note:

**[The 2014 amendment to paragraph (b) eliminated the requirement for parallel citation to the Pennsylvania State Reports, which is the official court reports of the Pennsylvania Supreme Court, the Pennsylvania Superior Court Reports, which had been the official court reports of the Pennsylvania Superior Court, and the Pennsylvania Commonwealth Court Reports, which had been the official court reports of the Commonwealth Court.]**

Where a challenge is raised to the appropriateness of the discretionary aspects of a sentence, the ''petition for allowance of appeal'' specified in 42 Pa.C.S. § 9781(b) is deferred until the briefing stage, and the appeal is commenced by filing a notice of appeal pursuant to Chapter 9 rather than a petition for allowance of appeal pursuant to Chapter 11.